UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COBBLER NEVADA, LLC,

        Plaintiff,                        Case No. 15-cv-11875

v.                                           Honorable Thomas L. Ludington

DOES 1-23,

        Defendants,

v.

JASON MORTON,

        Movant.

_____/

**ORDER GRANTING MOTION TO QUASH, QUASHING SUBPOENA, AND DIRECTING SERVICE**

On May 25, 2015, Plaintiff Cobbler Nevada, LLC, filed a complaint against Defendants Does 1-23 alleging copyright infringement by Defendants. ECF No. 1. On June 15, 2015, Plaintiff Cobbler Nevada filed a motion seeking leave to file third party subpoenas. Pl.'s Mot., ECF No. 2. That motion was granted on June 29, 2015. ECF No. 4.

On August 17, 2015, Jason Morton came forward and filed a handwritten document on the Court's docket stating that he "object[s] because DOES 1-23 Isn't me." ECF No. 6 (sic throughout). He offered no other factual assertions supporting his claim but he did include certain accountholder information. The document was construed as a motion to quash the subpoena purportedly issued on his internet service provider seeking certain information concerning Morton.

Plaintiff was ordered to respond to the motion on or before September 11, 2015. It did not file a response. Morton's motion will be granted and the subpoena quashed.

Federal Rule of Civil Procedure 45 governs the use of the subpoena power in federal court. The rule states that a subpoena must be quashed "on timely motion" if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Morton argues in his motion that he is not one of the identified Doe Defendants. Plaintiff does not contest this assertion. Requiring the disclosure of Morton's information, where he is not one of the unnamed Does charged with illegal downloading would be an undue burden. Plaintiff also does not argue that Morton's motion is untimely. Thus, the subpoena issued against Morton's internet service provider seeking the disclosure of certain account information related to Morton will be quashed. Plaintiff will be directed to serve this order on Morton's internet service provider.

Accordingly, it is **ORDERED** that Movant Jason Morton's Motion to Quash, ECF No. 6, is **GRANTED**.

It is further **ORDERED** that the subpoena seeking the disclosure of information related to Jason Morton served on his internet service provider is **QUASHED**. The subpoena is now void.

It is further **ORDERED** that Plaintiff Cobbler Nevada, LLC, is **DIRECTED** to serve a copy of this order on Jason Morton's internet service provider.

Dated: September 21, 2015                    s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

- 3 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 21, 2015.

>　　　　　　　　　　　s/Michael A. Sian
>　　　　　　　　　　　MICHAEL A. SIAN, Case Manager